## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------x

LOUIS SCHNEIDER
5283 S.W. Blue DazeWay
Palm City, FL 34990

and

 REGINA ENGLISH
12 Linden Lane
East Norwich, NY 11732

Plaintiffs,

        v.                                           Civil Action No. 1:20-

UNITED STATES

SERVE:

William P. Barr
Attorney General of the United States
950 Pennsylvania Avenue, NW
Washington, D.C.20224

COPY:

Jessie K. Liu, United States Attorney
United States Attorney's Office
555 4th Street
Washington, DC 20530

Defendant.

-------------------------------------------------------------------x

## COMPLAINT

Plaintiffs Louis Schneider and Regina English, by their undersigned attorneys, pursuant to the Federal Tort Claims Act, allege:

## FACTUAL BACKGROUND

1.     In 2016, Plaintiff Louis Schneider filed a timely individual claim with the Department of State pursuant to the Agreement on Compensation of Certain Holocaust Victims ("Agreement") executed in December 2014 between France and The United States. His sister, Regina English, filed a similar individual claim on her own behalf. Plaintiffs' individual claims are based on the same relevant facts and evidence. Both are survivors of arrest and internment in France and deportation by railway train from France toward a Nazi concentration camp. Their arrest and deportation were carried out by French or German authorities targeting Jews in the area of St. Gervais in the Haute Savoie region of France, where Plaintiffs and their mother were seeking refuge and escape from France.

2.     The Agreement provided that the U.S. Department of State ("State") would administer a fund to be established under the Agreement upon payment of $60 million by France for compensation to eligible claimants ("the Holocaust Deportation Fund").  Those eligible under the Holocaust Deportation Fund are the actual survivors of trains that deported victims from France to concentration camps such as Auschwitz or Buchenwald, or their surviving spouses.  If either the survivor or the spouse passed away after 1948, then their children, "standing in their shoes" [of the survivor or the spouse] are eligible to make the claim.

3.     Plaintiffs claimed and provided evidence that they had been arrested, interned and deported by French railway from the St. Gervais area of the Haute Savoie in France across the border to Italy, with the ultimate destination being a Nazi concentration camp.  However, on March 28, 2018, State, as claims administrator of the Holocaust Deportation Fund, issued a single letter

rejecting both Plaintiffs' claims ("the Rejection", attached as Exhibit A). The Rejection stated that, because the Haute Savoie area of France was under Italian occupation, Plaintiffs' claims were ineligible because they had not been in "France" when deported. According to State, that part of France under occupation was no longer France; it had become Italy.

4.    State's conclusion that a region of France, because it was occupied by Italian forces during some part of World War II, became part of Italy and was no longer France is blatantly wrong. It is historically and legally inaccurate and constitutes gross error and wrongful conduct by State. France was occupied by German forces during World War II. It did not cease to be France and become part of Germany. Likewise, a part of France occupied by Italian authorities did not cease to be France and become Italy.

5.    Moreover, to the extent the Rejection implies that Plaintiffs are ineligible under the Agreement because their internment and deportation were caused by Italy and were not attributable to German and French enforcement of anti-Jewish legislation, that conclusion is also historically wrong.  Anti-Jewish raids and deportations in the Haute Savoie were initiated in the summer and fall of 1943, and were carried out by SS military and Vichy French. It is settled history that the Italian authorities were never sympathetic to or cooperative with German or French anti-Jewish laws, policies and conduct in France. Notwithstanding Italian occupation during 1942 and part of 1943, no arrests or deportations of Jews occurred in French territory during the period 1942 through 1944 other than by German or Vichy authorities.  See, e.g. Marrus and Paxton, *Vichy France and the Jews*, Stanford University Press 1981, pp. 318-319 and 330-331.

6.    The historical record shows that specially assigned German SS units assisted by Vichy police and soldiers targeted Jews in the Haute Savoie region during and after August 1943,

a period that falls within the time frame of Plaintiffs' arrest and deportation as supported by evidence presented by Plaintiffs to State. For example:

> "In the fall [1943], [SS Commander] Brunner's squads descended upon the areas formerly occupied by the Italians. Their arrival in the Savoie on 9 August spread a "veritable panic" according to the prefect. In September they were at work in the Alpes-Maritimes in "a real climate of terror." Although the prefect there informed the local Sicherheitsdienst director of "the decision by the government to protect French Israelites," many of them were arrested. . . . The grim tide of deportation reached department after department as Gestapo attachments were available." Marrus and Paxton, p 331.

7.      State's Rejection ignores the evidence presented by Plaintiffs and proffers reasons for denial of their claims that cannot be justified by historical fact nor be considered by reasonable persons to disqualify Plaintiffs under the terms of the Agreement.   The bald conclusion that "deportation from France was not established" on the ground that Italy owned, occupied or controlled the area does not satisfy basic notions of fairness and due process.

## JURISDICTION AND VENUE

8.      This Court has personal and subject matter jurisdiction over this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680, and the regulations promulgated thereunder at 28 C.F.R. §14.

9.      The claims of both Plaintiff Schneider and Plaintiff English were rejected in a single letter dated March 28, 2018, from State's Office of the Legal Advisor.   Plaintiffs each submitted timely FTCA Notices of Claim on Form 95 pursuant to 28 CFR, Section 14.2 to the Department of State, alleging injury to them in the specific amount of $204,000 each. This is the initial amount each Plaintiff would receive from the Holocaust Deportation Fund but for the wrongful Rejection. Subsequently, State has announced and is making a supplemental second payment to each eligible

claimant in an amount equal to 97% of the initial payment to such claimants. This increases each Plaintiff's damages by $197,880.00 to a total of $401,880.00.

10.     Plaintiffs received letters from State in June 2019 acknowledging that their Form 95 Notices of Claim under the FTCA had been received by State on May 29, 2019. More than six months have passed since State received the Notices of Claim. No decision has been received from State. No additional information has been requested by State. State has informed undersigned counsel, after repeated inquiries, that the Notices of Claim are still under review, more than seven months after their filing. Pursuant to U.S.C. §2675, Plaintiffs may file this action at this time.

11.     Venue is correct in this Court pursuant to 28 U.S.C. §1402(b) and 32 CFR §750.32(a) because the alleged wrongs occurred in this District.

## PARTIES

12.     Plaintiff Louis Schneider is the brother of Plaintiff Regina English and a citizen of the United States residing in the State of Florida.

13.     Plaintiff Regina English is the sister of Plaintiff Louis Schneider, and is a citizen of the United States residing in the State of New York.

14.     Defendant United States is sued pursuant to the FTCA for the wrongful acts and omissions of its agency the Department of State and its employees.

## CLAIM FOR RELIEF

15.     Plaintiff Schneider submitted two sworn affidavits and supporting documents, newspaper articles and photos in support of his claim and that of his sister, Plaintiff English.  He also submitted a 1999 interview recorded in connection with a video production about the experiences of Holocaust survivors. That interview is maintained in the video archives of the

United States Holocaust Memorial Museum. It is accessible at https://collections.ushmm.org/search/catalog/irn37120.

16.     The denial of Plaintiffs' claims for the reasons set forth in the Rejection was a wrongful act because:

(a) All of France remained France throughout WWII regardless of whether that territory was occupied by Germany or Italy.

(b) The raids, arrests and deportations that ensnared Plaintiffs were carried out by French and German authorities targeting the Haute Savoie area, not by Italian forces.

17.     Therefore, the conclusion by State that Plaintiffs were not deported from France and were not deported by German or French authorities is clear error. The historical record specifically contradicts the facts determined by State as set forth in the Rejection. The personal sworn assertions and extrinsic evidence presented by Plaintiffs in their claims is consistent with that record. For these reasons, State's Rejection constitutes a wrongful act that has injured Plaintiffs.

**WHEREFORE,** Plaintiffs request that this Court:

1.     Declare that the denial of Plaintiffs' claims in the Rejection was wrongful and injured Plaintiffs;

2.     Declare that Plaintiffs' claims each be approved;

3.     Award Plaintiffs damages in the full amount that would otherwise be paid to them from the Holocaust Deportation Fund ("the Fund") had they initially been approved as eligible deportation survivors (including the supplemental second payment of 97% paid or to be paid to all eligible claimants), which damages, currently in the amount of $401,880.00 for each Plaintiff, shall

be paid from the Fund or, if the Fund assets are insufficient, from funds of State or the U.S. Treasury; and

      4.     Grant such other and further relief as the Court shall deem just, equitable and proper.

Dated: January 31, 2020


By:_____ /s/ *Marc E. Miller*_____
**Marc E. Miller, DC Bar #948372**
mmiller@watkinsonmiller.com
**Elisabeth Kidder, DC Bar #987508**
lkidder@watkinsonmiller.com
Watkinson Miller PLLC
1100 New Jersey Avenue, SE
Suite 910
Washington, DC 20003
Main: (202) 842-2345 x230
*Attorneys for Plaintiffs*

*Of Counsel:*

**Harriet Tamen**
Law Offices of Harriet Tamen
212 East 39th Street
New York, NY 10016
(212) 284-5262
htamen@tamenlaw.com

and

**Stephen T. Rodd**
*Of counsel*
Abbey Spanier, LLP
212 East 39th Street
New York NY 10016
(212) 889-3700 x533
srodd@abbeyspanier.com